UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL LEE DOANE,

                    Plaintiff,

          -v-                                    9:25-CV-516

C.O. JOHN DOE, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

MICHAEL LEE DOANE
Plaintiff, *pro se*
24-B-1292
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

DAVID N. HURD
United States District Judge


## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Michael Lee Doane ("plaintiff"), acting *pro se*, commenced this

action by filing civil rights complaint pursuant to 42 U.S.C. § 1983 ("§

1983"), together with two applications to proceed *in forma pauperis* ("IFP").

Dkt. No. 1 ("Compl."); Dkt. No. 2 ("First IFP Application"); Dkt. No. 7

("Second IFP Application"). By Decision and Order entered on June 27, 2025, the First IFP Application was denied as moot, the Second IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted. Dkt. No. 9 ("June 2025 Order"). But given plaintiff's *pro se* status, he was afforded an opportunity to submit an amended complaint. *Id*. at 17–18. Now before the Court is plaintiff's amended complaint. Dkt. No. 11 ("Am. Compl.").

## II.    DISCUSSION

### A.  The Complaint and June 2025 Order

In his original complaint, plaintiff alleged that he experienced a delay in medical treatment upon arriving at Clinton Correctional Facility ("Clinton C.F."), suffering from mobility, kidney, and urinary issues. *See generally* Compl.

The complaint named five "Jane Doe" nurses and one "John Doe" corrections officer as defendants and was construed to assert Eighth Amendment medical indifference claims against these officials. *See* June 2025 Order at 7.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), it was dismissed without prejudice for failure to

state a claim upon which relief may be granted—namely, the complaint failed to adequately allege how any of the named defendants were personally involved in the alleged wrongdoing.  *See* June 2025 Order at 7–20.

B. **Review of the Amended Complaint**

Because plaintiff is proceeding IFP and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the June 2025 Order and will not be restated here.  *See* June 2025 Order at 3–5.

Plaintiff's amended complaint is materially similar to, albeit more detailed than, the original complaint, but names several new defendants in place of the previously identified "Doe" defendants.  *See generally* Am. Compl.  The following facts are set forth as alleged in the amended complaint.

Plaintiff suffers from Type 2 Diabetes and was scheduled for a colonoscopy prior to his incarceration.  Am. Compl. at 3.  At some point in time prior to his incarceration, plaintiff was informed by a doctor that he had an enlarged prostate.  *Id*. at 5.  On March 14, 2024, plaintiff was arrested.  *Id*. at 3.  On March 26, 2024, plaintiff arrived at Elmira Correctional Facility ("Elmira C.F.").  Am. Compl. at 3.  Upon arriving at the

facility, plaintiff alleges he informed "medical staff" that he was having difficulty urinating and that he was advised to raise the issue at his "next prison[.]" *Id.* Between March 26 and April 24, 2024, plaintiff received no "medical care" while incarcerated at Elmira C.F. *Id.* However, plaintiff informed a nurse that he was having "trouble peeing" and had "a[n] enlarged prostate[,]" and this information was recorded in his medical file. *Id.* at 5–6.

On April 24, 2024, plaintiff arrived at Clinton Correctional Facility. At or around that time, plaintiff told unidentified officials about a "wound on [his] foot[.]" Am. Compl. at 3. For over a month, plaintiff's foot went untreated, despite him "put[ting] in a 'sick call' slip" for the injury. *Id.* Instead of receiving treatment for the injury, plaintiff alleges being questioned by unidentified officials at the "medical station" on an unidentified number of occasions. *Id.* Eventually, plaintiff was provided with gauze, which he was "only able to change once a week[.]" *Id.*

Plaintiff separately submitted "sick call slips" about feeling like he "had to pee every 5 to 10 minutes[.]" Am. Compl. at 4. "[A]fter months of no medical help, and putting in [these] 'sick call slips[,]'" plaintiff was "take[n] . . . on a [twelve hour] medical trip," but was not allowed to use the bathroom during the ride. *Id.* Plaintiff was told by the unidentified transporting officials that "they didn't care if [he] peed [his] pants[.]" *Id.* It appears that plaintiff made or attempted this trip multiple times. *Id.*

Following these medical trips to an unidentified location, plaintiff continued to submit sick call requests, which would result in him being "take[n] . . . to [the] 'medical clinic[,]'" where he was asked questions about his symptoms before being sent back to his cell. Am. Compl. at 4. It appears that, on multiple occasions, plaintiff conferred with one or more medical professionals was given adult diapers to address his condition. *Id*.

At some point, plaintiff became unable to "lift [his] legs up to get out of bed" because of the pain he was in, while at the same time experiencing pain when attempting to urinate. Am. Compl. at 4. "[A]fter complaining [more] and writing to 'sick call,' [plaintiff] stopped eating and drinking because it hurt so bad[.]" *Id*. In response to plaintiff's complaints, he was again brought to the medical clinic, asked questions about his symptoms, and then sent back to his cell in "unbearable" pain. *Id*.

Plaintiff continued to submit sick call requests and was eventually sent to an "infirmary" for x-rays and bloodwork on December 15, 2024. Am. Compl. at 4. Plaintiff remained at the "infirmary" for four days. *Id*. Based on the testing results, plaintiff was "transported to an outside hospital" where he "underwent surgery" to address "kidney failure." *Id*. at 4–5.

Following the surgical procedure, plaintiff was "informed that he has 'stage 4 bone cancer, and stage 5 colon cancer' and that the cancer is to[o] far advanced to treat." Am. Compl. at 4.

Although plaintiff "went on medical trips" leading up to his surgery "for all kinds of scans[,]" he was "never told" of the results of these scans. Am. Compl. at 5. Nurses at Clinton Correctional Facility were also aware of plaintiff's pain and difficulty urinating. Id.

The amended complaint names the State of New York and the following officials as defendants in their individual and official capacities: (1) New York City Mayor Eric Adams; (2) Deputy Commissioner of Corrections John/Jane Doe; (3) Clinton Correctional Facility Medical Staff; (4) Clinton Correctional Facility Warden John/Jane Doe; (5) Clinton Correctional Facility Captains John/Jane Doe; (6) Clinton Correctional Facility Deputy Supervisors John/Jane Doe; and (7) Clinton Correctional Facility Corrections Officer John/Jane Doe No. 1-10. Am. Compl. at 1.

Liberally construed, the amended complaint asserts the following § 1983 claims: (1) an Eighth Amendment medical indifference claim based on a delay in access to adequate medical treatment between April and December 2024; and (2) an Eighth Amendment conditions-of-confinement claim based on transport officers depriving plaintiff of access to a bathroom during his medical trips.[1]

---

[1] The Court does not construe the amended complaint to assert any claims arising out of plaintiff's confinement at Elmira C.F. However, insofar as plaintiff wishes to litigate any such claims, he is advised that he must do so by commencing a new action in the appropriate court. Plaintiff is further advised that Elmira Correctional Facility is located within the Western District of New York.

Plaintiff seeks money damages and his release on "medical parole." Am. Compl. at 6. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.[2]

## C. <u>Analysis</u>

Plaintiff brings this action pursuant to § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (cleaned up); see also *Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (holding that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.")(cleaned up). "[§] 1983 itself creates no substantive rights, . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (cleaned up).

---

[2] Insofar as plaintiff seeks release from prison on medical parole, "the proper vehicle" for him to pursue such relief "would be through a habeas action under 28 U.S.C. § 2241." *Bare v. New York City Police Dep't*, 2019 WL 2717105, at *2 (E.D.N.Y. June 28, 2019) (citing *Robinson v. Sposato*, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012)). Accordingly, plaintiff's request for his release in this § 1983 action is improper and will be denied without prejudice to plaintiff in the event he commences a proper habeas action.

### 1. Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10–21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365–66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343–45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's amended complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977); *Dawkins v. State of New York*, 1996 WL 156764 at *2 (N.D.N.Y. 1996).

The Eleventh Amendment bars suits for damages against state officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is

considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York.*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under § 1983] for money damages against state officials in their official capacities.").

Accordingly, plaintiff's § 1983 claims against the State of New York and his official capacity claims for money damages will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted.[3]

### 2. Personal Involvement

"It is well settled that, in order to establish a defendant's individual

---

[3] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (cleaned up); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a [§] 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (cleaned up).

When the name of an individual defendant is unknown, it is not inappropriate to identify him or her in the pleading as a "Doe" defendant. However, the pleading must allege facts sufficient to plausibly suggest that each "Doe" defendant was personally involved in the alleged constitutional deprivations. *See Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 493–94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers'" and noting that, "[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint, should Little chose to do so"); *Williams v. 120 PCT Undercover*, 2011 WL 13128209, at *1 (E.D.N.Y. Oct. 18, 2011) (dismissing complaint without prejudice where plaintiff's claims provided information about the alleged constitutional

deprivations, but were brought against "the 120 Precinct and District 9, a police precinct and district of the New York City Police Department").

Generally speaking, "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017); *see also Wright v. Orleans Cnty.*, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a § 1983 case that "[g]roup pleading is insufficient for purposes of [Federal Rule of Civil Procedure ("Rule")] Rule 8(a)(2) which requires a short and plain statement of the claim showing that the pleader is entitled to relief" (cleaned up)); *Holmes v. Allstate Corp.*, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("[Rule] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."). However, "[w]hen a prisoner does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain 'supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability.'" *Harvey v. LaValley*, 2009 WL 5219027, at *3 (N.D.N.Y. Dec. 31, 2009) (quoting *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss

that official from the case, but such dismissal is premature where the opportunity to identify those involved has not yet been accorded.")).

In this case, plaintiff's § 1983 claims are based on: (1) a denial of access to a bathroom during one or more medical trips; and (2) a delay in access to certain medical treatment. While plaintiff has already been afforded with an opportunity to amend his pleading and specifically advised on his obligation to explain how any named defendant was personally involved in any alleged constitutional violation, the amended complaint still fails to name as defendants either the corrections official(s) responsible for transporting plaintiff for his medical trips, or the medical professional(s) responsible for the oversight in plaintiff's medical care, testing decisions, and/or referrals to outside specialists. Rather, plaintiff names various high and low-ranking "Doe" officials as defendants, along with the Mayor of New York City, without any explanation as to how any of these defendants may have violated plaintiff's constitutional rights. Thus, at this stage of the proceeding, the Court can only assume that plaintiff is unaware of the identity of either the corrections official(s) responsible for transporting him on his medical trips or the medical professional(s) responsible for the oversight in his medical care, and that affording him a further opportunity to amend his pleading would not be productive.

Accordingly, the Court finds that the interests of justice weigh in favor of

evaluating the merits of plaintiff's Eighth Amendment claims

notwithstanding issues of personal involvement.

### 3. Eighth Amendment Medical Indifference Claim

The governing legal standard for an Eighth Amendment medical

indifference claim was set forth at length in the June 2025 Order and will

not be restated herein.  *See* June 2025 Order at 12–17.

At this stage of the proceeding, and mindful of the Second Circuit's

directive that a *pro se* plaintiff's pleadings must be liberally construed, *see*

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the

Court finds plaintiff's Eighth Amendment medical indifference claim is pled

with enough detail to survive *sua sponte* review.  In so ruling, the Court

expresses no opinion as to whether this claim can withstand a properly filed

dispositive motion.

Because plaintiff does not appear to know the identity of the medical

professional(s) responsible for the oversight in his medical care between

April and December 2024, plaintiff will be permitted to proceed with his

claim against Clinton C.F. Warden John/Jane Doe for limited discovery with

respect to this claim.  All other defendants will be dismissed from this action

without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. §

1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 4. Eighth Amendment Conditions-of-Confinement Claim

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981).

To demonstrate that the conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy both an objective and subjective element. *See Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). A plaintiff must demonstrate that: (1) the conditions of confinement resulted in "unquestioned and serious deprivations of basic human needs," *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985); *see also Jolly*, 76 F.3d at 480, and (2) the defendants acted with "deliberate indifference." *Wilson*, 501 U.S. at 303–04.

At this stage of the proceeding, mindful of the Second Circuit's directive that a *pro se* plaintiff's pleadings are to be liberally construed, the Court

finds that plaintiff's Eighth Amendment conditions-of-confinement claim is pled with enough detail to survive *sua sponte* review.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

Because plaintiff does not appear to know the identity of the corrections official(s) responsible for transporting him on his medical trips between April and December 2024, the Court will allow plaintiff to proceed with his claims against Clinton C.F. Warden John/Jane Doe for limited discovery with respect to this claim.  All other defendants are dismissed from this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III.   SERVICE

While plaintiff's Eighth Amendment claims survive *sua sponte* review, he is apparently unable to identify the Superintendent of Clinton C.F. by name (instead solely referring to that individual solely as "Warden"), as noted above.  However, a court may at any stage of a proceeding take judicial notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. This includes "information

publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n. 8 (S.D.N.Y. 2006) (quoting prior version of FED. R. EVID. 201(b) amended in 2011 as part of the restyling of the Evidence Rules).

In this case, information publicly available on the website for the New York State Department of Corrections and Community Supervision shows that the Superintendent of Clinton C.F. is Mariejosee King ("Superintendent King"). *See* https://doccs.ny.gov/location/clinton-correctional-facility (last visited Aug. 12, 2025).

Accordingly, the Clerk is directed to add this official to the docket as a defendant for discovery purposes only. Following the completion of service, the Superintendent of Clinton C.F. will remain as a defendant until plaintiff has been afforded an opportunity to conduct discovery related to the identity of the intended defendants. *See Davis*, 160 F.3d at 921–22; *Murphy v. Goord*, 445 F. Supp. 2d 261 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing plaintiff to proceed with discovery to identify the Doe defendants); *Brown v. Doe*, 1999 WL 893070, at *2 (S.D.N.Y. Oct. 18, 1999) (deferring defendants' motion to dismiss until they have provided the requisite discovery information and materials to the *pro se* prisoner litigant on the

grounds that "[p]laintiffs, especially *pro se* incarcerated plaintiffs should be given an opportunity to identify . . . unknown defendants through discovery").

## IV.  **CONCLUSION**

Therefore it is

ORDERED that

1.  The Amended Complaint (Dkt. No. 11) is accepted for filing and will supersede and replace the original complaint in all respects as the operative pleading;

2.  Plaintiff's official capacity claims and federal claims against the State of New York are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted;[4]

3.  Plaintiff's Eighth Amendment claims against "Clinton [C.F.] Warden John/Jane Doe," a/k/a Clinton C.F. Superintendent King, SURVIVE *sua sponte* review **for the purpose of limited discovery only**;

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, permitting the plaintiff to have an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).  Because these claims are barred by the Eleventh Amendment, leave to amend to assert such claims would be futile.

4. Plaintiff's § 1983 claims against all other defendants are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

5. The Clerk of the Court is directed to add Clinton C.F. Superintendent King to the docket as a defendant and terminate all other defendants;

6. The Clerk is further directed to issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon defendant Superintendent King. The Clerk is further directed to forward a copy of the summons and complaint by electronic mail to the New York State Attorney General's Office, together with a copy of this Decision and Order;

7. Upon the completion of service, the Clerk is directed to return this matter to the Court for the issuance of a Pretrial Discovery and Scheduling Order;

8. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing

motions; motions will be decided on submitted papers, without oral

argument, unless otherwise ordered by this Court.  Plaintiff is also required

to promptly notify the Clerk's Office and all parties or their counsel, in

writing, of any change in his address; his failure to do so will result in the

dismissal of this action; and

   9.  The Clerk is directed to serve a copy of this Decision and Order on

plaintiff.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  August 20, 2025
        Utica, New York.