**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL LEE DOANE,

                Plaintiff,

           -v-                            9:25-CV-516 (DNH/MJK)

KING *et al.*,

                Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

MICHAEL LEE DOANE
Plaintiff, Pro Se
24-B-1292
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. LETITIA JAMES                    ALEXANDRA L. GALUS, ESQ.
New York State Attorney General      Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. David N. Hurd, U.S. District Judge:**

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On April 28, 2025, *pro se* plaintiff Michael Lee Doane ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that John and Joe Doe officials violated his civil rights while he was confined at Clinton Correctional Facility. *See* Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3, 6, 7.

On June 27, 2025, this Court granted plaintiff's IFP Application and conditionally dismissed plaintiff's pleading with an opportunity to amend. Dkt. No. 9. As the Court explained at

the time, plaintiff had failed to plausibly allege the "personal involvement" of any of the Doe defendants. *See id.* Thereafter, plaintiff filed an amended complaint, Dkt. No. 11, which this Court accepted for filing to the extent that it stated certain § 1983 Eighth Amendment claims against the Does, Dkt. No. 12. The Court directed service on defendant King for the limited purpose of facilitating fact discovery. *See id.*.

King answered the pleading. Dkt. No. 19. But on December 11, 2025, defendant's counsel filed a suggestion of death advising the Court that plaintiff had died on or about October 30, 2025. Dkt. No. 22. Defendant's counsel further sought a stay of pre-trial deadlines pending a determination of whether a motion for substitution might be forthcoming. Dkt. No. 23.

On December 17, 2025, U.S. Magistrate Judge Mitchell J. Katz reviewed the filings and entered a text order staying the relevant deadlines. Dkt. No. 24. At that time, Judge Katz explained that a motion for substitution must be made within ninety days or this action would be subject to dismissal. *Id.* That text order was mailed to plaintiff's last known address but returned to the Court as undeliverable. Dkt. No. 25.

On April 8, 2026, after the relevant deadlines expired, Judge Katz advised by Report & Recommendation ("R&R") that plaintiff's amended complaint be dismissed without prejudice. Dkt. No. 26. As Judge Katz explained, plaintiff's § 1983 action could theoretically proceed through an appropriate representative of his estate (such as a plaintiff-executor), but that absent a timely motion to substitute a new plaintiff, the Federal Rules of Civil Procedure required the action to be dismissed. *See id.*

Neither party has lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 26. The R&R was mailed to plaintiff's last known address but has again been returned

- 3 -

as undeliverable.  Dkt. No. 27.  Upon review for clear error, the R&R is accepted and will be adopted.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 26) is ACCEPTED; and

2.  Plaintiff's amended complaint (Dkt. No. 11) is DISMISSED without prejudice.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 29, 2026
       Utica, New York.

David N. Hurd
U.S. District Judge